**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00855-NYW

ISAIAS RAFAEL MORENO-GUERRERO,

    Petitioner,

v.

KRISTI NOEM, in her official capacity,
TOO LYONS, in his official capacity,
ARTHUR WILSON, in his official capacity,
JOHNNY CHOATE, in his official capacity,
PAMALA BONDI, in her official capacity,
THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, and
THE BOARD OF IMMIGRATION APPEALS,[1]

    Respondents.

---

**ORDER**

---

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus (the "Petition"). [Doc. 1]. Petitioner Isaias Rafael Moreno-Guerrero ("Petitioner") is a

---

[1] The Court assumes that Petitioner intended to name Todd Lyons as a Respondent in this action and that "Too Lyons" is a typographical error. *See* [Doc. 1 at 1; *id.* at 5 (referencing "Respondent Todd Lyons")]. Petitioner also names "Pamala Bondi" in the case caption, which also appears to be a typographical error. *See* [*id.* at 6 (referencing "Respondent Pamela Bondi")]. And finally, the case caption names Johnny Choate as the Warden of the Aurora Immigration Detention Facility, but based on this Court's understanding, Mr. Choate is no longer the warden of that facility. The Court declines to sua sponte correct these errors or change the named Parties in this case without action from Petitioner, who is represented by counsel. To the extent Petitioner named incorrect parties in the case caption, Petitioner shall file a motion to amend the case caption by **March 6, 2026.** This Court reminds Petitioner's counsel that a court has no obligation to make arguments or perform research on behalf of litigants. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (same).

Venezuelan national who has been present in the United States since 2022.  [*Id.* at 2]. He was detained by ICE on December 13, 2025 and has been detained ever since without a bond hearing.  [*Id.* at 5, 9].  He argues that his detention, without a bond hearing, violates his Fifth Amendment due process rights and the Immigration and Nationality Act.  [*Id.* at 12–14].

This Court finds that good cause exists to enter an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so.  The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.  *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No.

11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further, upon review of the Petition and Motion for Order, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, any accompanying papers, and a copy of this Order by e-mail and by overnight mail on or before **March 9, 2026**. Petitioner shall promptly file proof of such service on the docket by **March 11, 2026**, and counsel for Respondents shall promptly enter their notices of appearance. Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Any reply shall be filed no later than **seven days** after the response.

Accordingly, it is **ORDERED** that:

(1) To the extent Petitioner named incorrect parties in this action, he shall file a motion to amend the case caption on or before **March 6, 2026**;

(2) Petitioner shall **SERVE** Respondents with a copy of the Petition and other documents on or before **March 9, 2026**, and shall file proof of service on or before **March 11, 2026**;

3

(3) Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted. A reply may be filed no later than **seven days** after the response; and

(4) Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.

DATED: March 4, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge