**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00855-NYW

ISAIAS RAFAEL MORENO-GUERRERO,

     Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity,
TODD LYONS, in his official capacity,
GEORGE VALDEZ, in his official capacity,
JUAN BALTAZAR, in his official capacity,
PAMELA BONDI, in her official capacity,
THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, and
THE BOARD OF IMMIGRATION APPEALS,

     Respondents.[1]

_____

### MEMORANDUM OPINION AND ORDER
_____

This matter is before the Court on the Verified Petition for Habeas Corpus (the "Petition"). [Doc. 1]. The Petition is fully briefed. [Doc. 9; Doc. 10]. For the reasons set forth below, the Petition is **GRANTED**.

### BACKGROUND

Petitioner Isaias Rafael Moreno-Guerrero ("Petitioner") is a Venezuelan national who has been present in the United States since 2022. [Doc. 1 at 2]. He was detained

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez is automatically substituted into this case as a Respondent acting Field Office Director of the Aurora Field Office and Markwayne Mullin is automatically substituted in as a Respondent as the Secretary of the Department of Homeland Security.

by ICE on December 13, 2025 and has been detained ever since without a bond hearing. [*Id.* at 5, 9].

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *See* [*id.* at 2; Doc. 9 at 4]. Petitioner disputes the Government's interpretation of § 1225(b) and contends that he is actually detained under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. [Doc. 1 at 2, 9–10].

The Petition was filed on March 3, 2026 and asserts two claims for relief. First, Petitioner asserts that his continued detention without a bond hearing violates his due process rights under the Fifth Amendment. [*Id.* at 12]. Second, he claims that Respondents' refusal to provide him a bond hearing violates the Immigration and Nationality Act ("INA"). [*Id.* at 14]. He asks the Court to enter an order (1) declaring that his detention is unlawful under the Fifth Amendment and INA; (2) directing Respondents to provide him a bond hearing at which the Government bears the burden of proof; and (3) awarding costs and fees. [*Id.* at 15].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a

2

person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner's claims turn on whether he is detained under 8 U.S.C. § 1226(a), such that he is entitled to a bond hearing, or whether he is detained under 8 U.S.C. § § 1225(b)(2), such that detention is mandatory and no bond hearing is required. The Court summarizes the applicable statutory framework before addressing Petitioner's claims.

## I.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)– (2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v.*

*Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297.  This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).[2]  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing."  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.    Application to Petitioner's Claims

Petitioner contends that he is detained under § 1226 and that Respondents' refusal to provide him a bond hearing violates his due process rights and the INA.  [Doc. 1 at 12–

---

[2] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum."  *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution").  Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 9], so the Court does not substantively address detention under this subsection.

14]. Respondents argue that § 1225(b)(2) applies and requires Petitioner's detention, so he is not entitled to a bond hearing. *See* [Doc. 9 at 4–8]. But Respondents concede that the issue presented in this case "is not materially different from [the] issue this Court has resolved" in prior rulings and acknowledge that "this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision." [*Id.* at 4, 6].[3]

Indeed, this Court has already rejected Respondents' position. *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[4] In *Loa Caballero*, this Court reviewed a similar

---

[3] Respondents briefly discuss the fact that Petitioner was temporarily paroled into the United States when he entered the country and assert that his parole expired two months later. *See* [Doc. 9 at 2–4]. However, Respondents do not argue that this changes the core issue in this case: whether Petitioner is currently detained under § 1225 or § 1226. *See* [*id.*]. Indeed, as mentioned above, Respondents concede that the issue in this case "is not materially different from" the issue raised in *Loa Caballero v. Baltazar*, [*id.* at 4], and they further state that "[t]his Court's ruling on the Section 1225(b)(2)(A) issue in this case should resolve this habeas petition," [*id.* at 7]; *see also* [*id.* at 3–4 ("[A]fter Petitioner's parole terminated, and continuing through the present date, Petitioner was and is present in the United States without having been admitted and is an applicant for admission subject to detention pursuant to § 1225(b)(2).")]. Therefore, Respondents' discussion of this procedural history does not raise an argument for the Court to consider or change this Court's analysis.

[4] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Petitioner, who have been present in the country for some time and are not actively "seeking admission." *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL

habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE. *See id.* at *1. Like Petitioner here, the Government did not provide the petitioner in *Loa Caballero* with a bond hearing because it asserted that § 1225 mandated his detention. *See id.* The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at *6. "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)). Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at *7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at *5–8. The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases. *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026); *Bautista v. Noem*, No. 26-cv-00272-NYW, 2026 WL 532427, at *4 (D. Colo. Feb. 26, 2026).

Consistent with the Court's prior rulings and the weight of authority in this District, the Court concludes that § 1225(b)(2)(A) does not authorize Petitioner's detention. The

---

3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025) (Jackson, J.); *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 100587 (D. Colo. Jan. 14, 2026) (Martinez, J.).

"default rule" of discretionary detention under § 1226(a) therefore applies.  *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7.  And because Respondents not provided Petitioner the required bond hearing, Petitioner's continued detention without a bond hearing violates § 1226(a).  The Court will thus grant the Petition and will order that Respondents provide Petitioner with the statutorily required bond hearing.  *See Briales-Zuniga*, 2026 WL 35227, at *4.[5]

In his Petition, Petitioner asks that the Court order that the Government bear the burden of proof at the hearing.  [Doc. 1 at 15].  However, he does not raise any substantive arguments in support of that request in either his Petition or his Reply.  *See* [*id.*; Doc. 10].  For their part, Respondents do not address Petitioner's request at all.  *See* [Doc. 9].  The Court declines to undertake a sua sponte analysis of this issue without developed arguments from the Parties.  *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself.").  Instead, the Court continues to concur with other cases in this District that have required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is erroneously detained under § 1225.  *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2025) (this Court taking the same approach in absence of substantive briefing on burden-shifting issue); *see also, e.g.*, *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ----, 2026 WL

---

[5] To the extent Petitioner seeks attorney's fees, this District's Local Rules require that those requests be made by separate motion.  *See* D.C.COLO.LCivR 54.3.  And insofar as Petitioner asks the Court for a declaration that his continued detention without a bond hearing is unlawful, this request is moot in light of the relief granted in this Order.  *See Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

100587, at *8 (D. Colo. Jan. 14, 2026) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to shift burden to the Government in a similar case).

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **April 3, 2026**. At this hearing, the Government shall bear the burden of justifying Petitioner's continued detention. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention.** On or before **April 10, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Verified Petition for Habeas Corpus [Doc. 1] is **GRANTED**;

(2) On or before **April 3, 2026**, Respondents shall provide Petitioner a bond hearing, at which the Government will bear the burden of justifying Petitioner's continued detention. **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**; and

(3) On or before **April 10, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no

hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED:  March 27, 2026                                BY THE COURT:

_____
Nina Y. Wang
United States District Judge